IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MILDRED DOMINGO,<br><br>Plaintiff,<br><br>v.<br><br>CC NURSING HOME, LLC, dba KOLOB REGIONAL CARE AND REHABILITATION, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:11-cv-00061 CW<br><br>Judge Clark Waddoups |

On March 3, 2011, Defendant SG Nursing Home, LLC ("SG Nursing") filed a Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, alleging that the cause of action against it expired before Plaintiff added it as a party to this suit.[1] For the reasons set forth below, the Motion to Dismiss is DENIED and SG Nursing remains a party in the litigation.

## BACKGROUND

Plaintiff Mildred Domingo alleges she was the victim of employment discrimination. After her termination, she brought actions before the Utah Antidiscrimination and Labor Division ("UALD") and the Equal Employment Opportunity Commission ("EEOC"). On October 25,

---

[1] SG Nursing Home's Rule 12(b)(6) Mot. to Dismiss (Dkt. 13).

2010, Plaintiff Mildred Domingo ("Domingo") was sent a Notice of Right to Sue from the EEOC, upon her request. The letter stated that, if she chose to sue, her "lawsuit must be filed within 90 days of . . . receipt of this notice."[2] Domingo timely filed suit against CC Nursing Home, LLC ("CC Nursing"). On February 15, 2011, upon receiving an answer to her complaint, Domingo learned that CC Nursing had never been her employer. Domingo amended her complaint, on February 22, 2011, to bring suit against SG Nursing, who was the correct defendant. This amendment was made 116 days after the EEOC issued Domingo's Notice of Right to Sue, and therefore fell outside the 90 day time limit.

Domingo's confusion stemmed from the similarity between the names of the two entities. CC Nursing did business under the current dba "Kolob Regional Care and Rehabilitation," while SG Nursing did business under the expired dba "Kolob Care and Rehabilitation of St. George." Throughout the proceedings before the UALD and the EEOC, SG Nursing simply referred to itself as "Kolob Care and Rehabilitation." Additionally, both CC Nursing and SG Nursing were represented by the same counsel, Mr. Gary R. Guelker ("Guelker").

After Domingo's counsel realized the mistake, he contacted Guelker about releasing CC Nursing from the suit. CC Nursing, however, demanded attorney costs and the preservation of its right to sue Domingo for malicious prosecution. The parties were unable to come to an agreement, and CC Nursing filed a formal Motion for Summary Judgment with the court. The motion was granted, and CC Nursing was removed from the suit on August 22, 2011, with the

---

[2] Memo. in Opp. to SG Nursing Home's 12(b)(6) Mot. to Dismiss, Ex. 6, Labor Division—Right to Sue Letter, at 2 (Dkt. 17).

requirement that it bear its own costs.

Now SG Nursing seeks dismissal of the action, on grounds that Domingo filed suit against it outside of the time frame permitted by law. SG Nursing has filed a Motion to Dismiss, invoking Rule 12(b)(6).

## ANALYSIS

Rule 12(b)(6) permits the dismissal of a case when the complaint fails "to state a claim upon which relief may be granted."[3] SG argues that the claims Domingo makes against it are barred because they were not brought before the deadline established by the EEOC Notice of Right to Sue. Compliance with this 90 day limit "is a condition precedent to suit that functions like a statute of limitations."[4]

The central issue before the court is whether Domingo's amended complaint "relates back" to the first. If the relation back doctrine applies, the law treats the amended complaint as having been filed on the same date as the original complaint. In this case, because the original complaint was filed within the 90 day time frame and the amended complaint was not, the applicability of the relation back doctrine determines whether Domingo has a claim against SG Nursing upon which relief may be granted.

Whether or not a filing relates back is governed by Rule 15(c) of the Federal Rules of Civil Procedure.[5] Rule 15(c) states, in pertinent part,

---

[3] Fed. R. Civ. Pro. 12(b)(6).

[4] *Million v. Frank*, 47 F.3d 385, 389 (10th Cir. 1995).

[5] The rule "mandates relation back once its requirements are satisfied; it does not leave that decision to the district court's equitable discretion." *Krupski v. Costa Crociere*, 130 S. Ct.

An amendment to a pleading relates back to the date of the original pleading when:

(C) the amendment changes the party or the naming of the party against whom a claim is asserted . . . and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.[6]

The Supreme Court has explained the important function Rule 15(c) plays, stating that, ordinarily, "[a] prospective defendant who legitimately believed that the limitations period had passed without any attempt to sue him has a strong interest in repose."[7] However, "repose would be a windfall for a prospective defendant who understood, or who should have understood, that he escaped suit during the limitations period only because the plaintiff misunderstood a crucial fact about his identity."[8]

Here, SG Nursing knew, or should have known, that Domingo intended to sue it. SG Nursing and CC Nursing shared the same counsel. Guelker defended SG Nursing against Domingo's claims before the UALD and the EEOC. When Guelker received notice of the suit

---

2485, 2496 (2010).

[6] Fed. R. Civ. P. 15(c). The rule also imposes a requirement that the claims and defenses in the amended pleading arise out of the same transaction or occurrence set out in the original pleading, but the parties do not dispute that Domingo's Amended Complaint satisfies this part of the relation back test. *See id.*

[7] *Krupski*, 130 S. Ct. at 2494.

[8] *Id.*

against CC Nursing and a copy of Domingo's original complaint, he would have recognized the mistake. At that point he should have, and probably did, inform SG Nursing that Domingo had filed an employment discrimination suit in federal court and warn it that SG Nursing would probably be drawn into the litigation when Domingo realized her mistake.

SG Nursing not only knew or should have known of the mistake, but it will also not be prejudiced by that mistake as a party in this case. Its counsel has been involved in the case since its inception, albeit on behalf of CC Nursing, and is familiar with Domingo's allegations from the UALD and EEOC proceedings. The litigation is still in the early stages, and SG Nursing has considerable time to conduct discovery and prepare for its defense before a resolution of this matter upon the merits.

In disputing the applicability of the relation back doctrine, SG Nursing makes two unconvincing arguments. First, it claims that "Rule 15(c) does not apply to instances in which a plaintiff sues the wrong party. In [sic] only applies to instances where the plaintiff serves a complaint on the proper party, but makes a mistake as to the proper party's identity."[9] A recent decision by the Supreme Court forecloses this interpretation. In *Krupski v. Costa Crociere*, the Supreme Court reversed the Eleventh Circuit and held that the plaintiff's amended complaint related back.[10] Krupski was injured on her cruise vacation, and initially filed suit against Costa Cruise. Some time later, however, Krupski learned that the ship was owned and controlled by Costa Crociere and sought to amend her complaint. The two companies were separate entities,

---

[9] Memo. in Supp. of SG Nursing Home's Rule 12(b)(6) Mot. to Dismiss, at 7 (Dkt. 14).

[10] 130 S. Ct. 2485 (2010).

though they shared similar names and the same legal counsel.[11]

The Supreme Court held "Costa Crociere should have known, within the Rule 4(m) period, that it was not named as a defendant in that complaint only because of Krupski's misunderstanding about which 'Costa' entity was in charge of the ship—*clearly* a 'mistake concerning the proper party's identity.'"[12] Domingo, like the plaintiff in Krupski, is attempting to bring suit against the correct party after confusing two similarly named entities. Rule 15(c) applies in these situations, denying repose to the potentially culpable entity when the plaintiff initially misunderstood whom she should sue.[13]

Second, SG Nursing contends that Domingo acted improperly by adding SG Nursing as a defendant while CC Nursing remained a party in the suit. SG Nursing is correct that the language of Rule 15(c) typically only allows the changing or renaming of parties, but not the addition of more defendants. What its argument overlooks, however, is that Domingo did attempt to substitute one party for another, but was precluded from doing so.

Instead of informing Domingo of her error, CC Nursing answered the complaint and then filed a summary judgment motion two minutes later. This closed off Domingo's ability to dismiss CC Nursing voluntarily, without its consent. Consequently, Domingo's counsel

---

[11] *Id.* at 2491.

[12] *Id.* at 2497 (emphasis added).

[13] *See also Brimingham v. Experian Info. Solutions*, 633 F.3d 1006, 1019 (10th Cir. 2011) ("When . . . the proper defendant is unknown to the plaintiff because of confusion created by defendants who are in league with the nonparty proper defendant, Federal Rule of Civil Procedure 15(a) allows the plaintiff to join the proper defendant once the confusion is dissipated; and under Rule 15(c), the plaintiff will not be time-barred by the delayed joinder.").

immediately contacted Guelker to obtain a stipulation for dismissal, but CC Nursing refused to cooperate. Domingo, held hostage by CC Nursing's demands for attorney costs and threats of retaliation through a malicious prosecution claim, could not substitute SG Nursing in place of CC Nursing.[14] Because Guelker represents both CC Nursing and SG Nursing, it is untenable for him to argue now that this action cannot be maintained against SG Nursing since it was not substituted as a party. The court does not tolerate such gamesmanship. Moreover, "the requirements of the rules of procedure should be liberally construed and . . . 'mere technicalities' should not stand in the way of consideration of a case on its merits."[15] The court therefore concludes that SG Nursing has been appropriately named as a party pursuant to Rule 15(c).

## **CONCLUSION**

For the reasons set forth above, SG Nursing's Rule 12(b)(6) Motion to Dismiss is DENIED.

---

[14] Compare this situation to the facts in *Onan v. County of Roanoke*, No. 94-1170, 1995 U.S. App. LEXIS 9085 (4th Cir. Apr. 21, 1995) (unpublished), which SG Nursing has called to the court's attention. In *Onan*, the plaintiff, who had been a county employee, brought an employment discrimination suit against several coworkers and the county administrator. Later, he sought to amend his complaint to add the county itself as a defendant. The court held that Rule 15(c) did not apply, because the plaintiff "did not add Roanoke County as a defendant in place of one of the original defendants." *Id.* at *6. Onan appears not to have made any mistake about *identity* at all, and attempted to use Rule 15(c) to make Roanoke County, which he had initially overlooked, a codefendant to the parties he initially sued. Unlike Onan, Domingo does not seek to maintain her cause of action against the original defendant. Once Domingo realized she had sued a company which never employed her, she could not, and did not, contend that she retained a valid employment discrimination claim against it. Instead, Domingo wants SG Nursing to replace CC Nursing as defendant.

[15] *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 316 (1988).

SO ORDERED this 4th day of September, 2011.

BY THE COURT:

_____
Clark Waddoups
United States District Judge